IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry Fletcher,<br><br>             Plaintiff,<br><br>v.<br><br>Sgt. Jackie Trusdale,<br><br>             Defendant. | C/A No. 0:17-1604-MBS-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Henry Fletcher, a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Fletcher's motion requesting a temporary restraining order.[1] (ECF No. 38.) The defendant filed a response in opposition to Fletcher's motion (ECF No. 40), and Fletcher replied (ECF No. 44). Having carefully reviewed the motion and the pleadings in this case, the court finds that Fletcher's motion should be denied.

**DISCUSSION**

Fletcher filed the instant action in June 2017, which the court construed as purporting to assert a claim against the named defendant pursuant to 42 U.S.C. § 1983 for deliberate indifference to health or safety in violation of the Eighth Amendment. (See ECF No. 7.) In his motion, Fletcher details a verbal altercation that took place between him and a non-party correctional officer—Lt. Dalton—which resulted in Fletcher not receiving a meal. (ECF No. 38 at 1.) Fletcher also appears to allude to allegations from his Complaint that Defendant Trusdale's statements about him to other

---

[1] Because the defendant has had notice of Fletcher's motion, the court is treating the motion as one under Rule 65(a) of the Federal Rules of Civil Procedure rather than Rule 65(b).

Page 1 of 4



inmates have endangered him. (Id. at 2.) Fletcher requests a restraining order against Lt. Dalton and Defendant Trusdale.

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009), vacated on other grounds by 559 U.S. 1089 (2010), reissued in part by 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2] A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. Winter, 555 U.S. at 22; Real Truth, 575 F.3d at 345-46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-23; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's

---

[2] The portions of Real Truth that were reissued by the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

favor. See Real Truth, 575 F.3d at 346-47.[3] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

As an initial matter, to the extent Fletcher is seeking relief against an individual who is not a defendant in this matter, such relief is unavailable. See Fed. R. Civ. P. 65(a). Furthermore, as to Defendant Trusdale, Fletcher has failed to establish that he is likely to succeed on the merits. See Winter, 555 U.S. at 22. Fletcher's unsupported statements that other inmates want to kill him are likewise insufficient to clearly show irreparable harm absent the injunctive relief he seeks in this matter. Id. at 20-23. Accordingly, based on the record currently before the court, Fletcher has not satisfied the required elements and has failed to demonstrate that these circumstances warrant the extraordinary remedy he seeks. Id. at 22 (stating that a mere possibility of harm is not sufficient to warrant injunctive relief).

## RECOMMENDATION

Accordingly, the court recommends that Fletcher's motion (ECF No. 38) be denied.

_____

December 6, 2017  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[3] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 21-23.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).