IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Henry Fletcher, #282072, ) | |
| ) | C/A No. 0:17-1604-MBS |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Sgt. Jackie Truesdale,[1] ) | |
| ) | **OPINION AND ORDER** |
| Defendant. ) | |
| ) | |

Plaintiff Henry Fletcher ("Plaintiff") is former state inmate.[2] Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983[3] against Jackie Truesdale (guard at Kershaw Correctional Institution)("Defendant"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action on June 19, 2017. ECF No. 1. In his complaint, Plaintiff alleges that on two instances, Defendant informed other inmates that Plaintiff was acting as an informant. Id. at 5. Specifically, Plaintiff asserts that "Sergeant Jackie Trusdal [sic] was calling me a snitch in front of other Inmate's [sic] like I be rating [sic] on them." Id.

---

[1] At the direction of the Magistrate Judge, the case caption was amended from "Jackie Trusdale" to its current (correct) form. ECF No. 71 at 1 n.1.
[2] When Plaintiff filed his claim, he was serving a twenty year sentence for homicide by child abuse. ECF No. 65-1 at 1. Court records indicate that Plaintiff has since been released from custody. ECF No. 70.
[3] Although Plaintiff brings this action to 42 U.S.C § 1983, Plaintiff does not specify which of his Constitutional rights Defendant allegedly violated.

1

On April 12, 2018, Defendant filed a motion for summary judgment. ECF No. 65. Defendant argues Plaintiff failed to state a cause of action under the Constitutions of the United States and South Carolina. Id. at 1. Second, Defendant asserts that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) and Porter v. Nussle, 534 U.S. 516 (2002). Id. at 2. Third, Defendant argues that she is immune from suit in her official capacity pursuant to the doctrine of sovereign immunity. Id. Fourth, Defendant asserts that she is immune from suit in her individual capacity pursuant to the doctrine of qualified immunity. Id. Fifth, Defendant alleges that she was not deliberately indifferent to "any serious medical need or injury of Plaintiff."[4] Id. Sixth, Defendant argues that she was not aware of a risk of serious harm to Plaintiff. Id. at 3. Seventh, Defendant asserts that Plaintiff has not made a showing of physical injury, as required by 42 U.S.C. § 1997e(a). Id. Eighth, Defendant contends that Plaintiff's claim is barred by the South Carolina Tort Claims Act. Id. Ninth, Defendant asserts that Plaintiff "has failed to properly plead or establish the prerequisites for an award of declaratory or injunctive relief . . . ." Id. Tenth, Defendant alleges that she "was at all times acting according to and in compliance with specific laws, rules, and regulations of the State of South Carolina and the SCDC and is therefore immune from suit due to statutory and/or regulatory authority." Id. at 4.

The Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) on April 13, 2018, informing Plaintiff of the summary judgment procedures and the consequences for failing to respond adequately. ECF No. 67.

Plaintiff filed a response to Defendant's motion on April 23, 2018. ECF No. 69. Plaintiff asserts that Defendant's alleged actions have placed him in grave danger, as "the gangs have

---

[4] Plaintiff does not mention any medical issues in his complaint.

questioned me about this. . . ." Id. at 1. Plaintiff further asserts that he has filed internal grievances and had witnesses prepare statements. Id.

Defendant filed a reply to Plaintiff's response on May 22, 2018. ECF No. 72. Defendant states that Plaintiff "presented no affidavits or other evidence" to support his claim. Id. at 2. Defendant also argues that Plaintiff's claim is now moot, as he has been released from prison and no longer suffers an ongoing constitutional violation. Id. at 4.

Plaintiff filed a sur reply to Defendant's reply on June 19, 2018. ECF No. 74. In his sur reply, Plaintiff disagrees with Defendant's contention that his case is moot, and represents to the court that he continues to live in fear of gang retaliation. Id. at 1.

On October 29, 2018, the Magistrate Judge issued a Report and Recommendation. ECF No. 75. In her Report, the Magistrate Judge recommended Plaintiff's claim be dismissed without prejudice. Id. at 8. The Magistrate Judge held that Plaintiff failed to exhaust his administrative remedies before filing his lawsuit, pursuant to 42 U.S.C. § 1997e(a). Id. at 3. Plaintiff filed no objection to the Report and Recommendation.

On November 13, 2018, Defendant filed objections to the Report and Recommendation. ECF No. 77. In her objections, Defendant states that she agrees with the Magistrate Judge's conclusions, indicating that she "does not object to the recommendation of the Magistrate Judge's Report that Plaintiff Fletcher's claims should be dismissed . . . ." Id. at 1. However, Defendant asks that this court consider the other grounds for dismissal listed in Defendant's motion for summary judgment, ECF No 65. Id.

## II.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F. 3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

Defendant's objections do not point to any specific errors in the Report and Recommendation. Rather, Defendant simply asks this court to consider additional factors for dismissal. The court declines to do so, and finds that the Magistrate Judge's stated reasons for dismissal were sufficient.[5]

Furthermore, because Plaintiff failed to exhaust his administrative remedies the court is without jurisdiction to consider the remaining dismissal factors Defendant enumerated. Nonetheless, the court has thoroughly reviewed the record and the Report and Recommendation, and finds no clear error.

---

[5] In regards to Defendant's mootness argument, the court notes that a damages claim relating to injuries Plaintiff may have suffered while incarcerated would not be moot. see generally DeFunnis v. Odegaard, 416 U.S. 312 (1974).

## IV. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. ECF No. 75. This matter is DISMISSED without prejudice. Defendant's motion for summary judgment, ECF No. 65, is GRANTED in part. The portions of Defendant's motion that are inconsistent with this order are DENIED without prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: January 7, 2019

Columbia, South Carolina